UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Terance Terill Bennekin, | ) | C/A No. 4:14-cv-4004-BHH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Sherry Baugh; | ) | |
| Patty Parker; | ) | |
| B. Peavy; | ) | |
| Julie Wooten, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed pro se by a local detention center detainee. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.    Factual and Procedural Background

Plaintiff, a pretrial detainee in Darlington County, South Carolina, alleges that his due-process and access-to-court rights were violated because a plea agreement into which he was planning to enter was withdrawn and because his defense counsel waived a preliminary hearing in his case. Compl. 2-3, ECF No. 1. Plaintiff also complains that the County Solicitor's Office has not yet provided a "Rule 5" to his attorney, that he has not been formally indicted in the 10 months that he has been detained, and that Defendant Peavey, an official with the sheriff's office, told him that he would see to it that Plaintiff was charged "with everything they could think of" and that he would stay in jail as long as possible. *Id*. at 4. Plaintiff seeks "habeas

corpus" injunctive relief and damages. *Id*. at 5.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.    Discussion

To the extent Plaintiff requests injunctive relief in the nature of release from detention ("habeas corpus") against the Deputy Solicitor and/or Assistant Solicitor who are prosecuting him on the criminal charges that are currently pending, the appointed defense attorney who is representing him on those charges, and/or the "shift supervisor" of the Darlington County Sheriff's Office, this case is barred by the doctrine established by *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny. *Younger* and other cases hold that, absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceedings. *See*, *e.g.*, *Younger*, 401 U.S. at 44; *Nivens v. Gilchrist,* 319 F.3d 151, 154-55 (4th Cir. 2003); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989). Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. *Bonner v. Circuit Ct. of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975).

In *Cinema Blue*, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. 887 F.2d at 52. In *Bonner*, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." 526 F2d at 1336; *see also D.C. Ct. App. v. Feldman*, 460 U.S. 462, 476 (1983) (federal courts cannot review state court proceedings in an appellate sense). As indicated in the cases cited above, Plaintiff is not foreclosed from raising what appear to be, primarily, delayed-indictment,

3

prosecutorial-misconduct, and ineffective-assistance-of-defense-counsel objections and having them ruled on by the state court judge in his on-going state criminal prosecution. This court cannot remove the authority to rule on such an objection from the judge who is actually in control on Plaintiff's criminal case in state court. Also, to grant the injunctive relief Plaintiff seeks: release from incarceration and confinement, this court would be required to enjoin the state prosecution, and, as stated above, this is not something we can do under *Younger*, *Cinema Blue*, and *Bonner*.

Furthermore, to the extent that it seeks damages for alleged constitutional violations in connection with a withdrawn plea offer or an allegedly late discovery packet and indictment from Deputy Solicitor Baugh or Assistant Solicitor Parker, Plaintiff's Complaint is barred by the well-established legal doctrine of prosecutorial immunity. In South Carolina, regional prosecutors are called solicitors and assistant solicitors. *See* S.C. Const., art. V, § 24; S.C. Code Ann. § 1-7-310. Solicitors are elected by voters of a judicial circuit and have absolute immunity for their prosecution-related activities. Such protected activities include, but are not limited to, prosecutorial actions and decisions related to the solicitor's participation in a criminal trial, bond hearings, grand-jury proceedings, pre-trial motions hearings, and ancillary civil proceedings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Hart v. Jefferson Cnty.*, No. CIV. 93–1350–FR, 1995 WL 399619 (D. Ore. June 15, 1995) (allegations by plaintiff of malicious motives on part of two prosecutors insufficient to overcome prosecutorial immunity).

Of particular importance in this case is the fact that it is well settled in this Circuit that prosecutors are absolutely immune from liability for damages based on their decisions about

"whether and when to prosecute," *Lyles v. Sparks*, 79 F. 3d 372, 377 (4th Cir. 1996), and whether to go forward with a prosecution. *See Springmen v. Williams*, 122 F. 3d 211, 212-13 (4th Cir. 1997). Plaintiff's claims about the length of time it is taking for him to get his "Rule 5" material or to be formally indicted and about his inability to enter the plea agreement he planned to enter—which he appears to attribute to the actions of Defendants Baugh and Parker—go directly to those Defendants' prosecutorial decisions about when to prosecute and whether to go forward with a prosecution. Such decisions are made as part of the Defendants' purely prosecutorial functions and they are absolutely immune from Plaintiff's claims. *Springmen*; *Lyles*. Because Plaintiff is not entitled to recover any damages from either Defendant Baugh or Parker based on her performance of these functions, the Complaint is should be summarily dismissed insofar as it seeks such damages.

Also, this court cannot exercise its federal-question jurisdiction to consider Plaintiff's allegations against his court-appointed criminal-defense counsel pursuant to 42 U.S.C. § 1983, and Plaintiff has not alleged that his Complaint is submitted under any other federal law.[1] To state a plausible claim for relief under § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monroe v. Page*, 365 U.S. 167 (1961); *see generally* 5 Charles Alan

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417 (6th Cir. 1996) (emphasis added). No other basis for the exercise of federal subject-matter jurisdiction over Plaintiff's claims is evident on the face of the Complaint.

Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). Defendant Wooten, a public defender, did not act under color of state law in connection with her legal representation of Plaintiff, and, as a result, Plaintiff's Complaint fails to state a viable § 1983 claim against Defendant Wooten even if she did not properly waive a preliminary hearing in his case. An attorney, whether retained, court-appointed, *or a public defender*, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980) (court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-24 (1981) (public defender).

Liberally construing his pro se pleading, what Plaintiff is claiming in his Complaint is that his criminal-defense attorney is liable to him for legal malpractice (also known as legal negligence). In the absence of diversity of citizenship between the parties, such a traditionally state-law-based claim may not considered by this court. *See Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-91 (D.S.C. 1992); *see also DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200-03 (1989) (42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law). *Cf. Mitchell v. Holler*, 429 S.E.2d 793 (S.C. 1993) (legal malpractice case heard in state court); *Yarborough v. Rogers*, 411 S.E.2d 424 (S.C. 1991) (same). It is clear from the face of the Complaint that there is no basis on which Plaintiff could assert that there is federal diversity jurisdiction over his Complaint because Plaintiff and all Defendants appear to be residents of the state of South Carolina. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978) (diversity of citizenship requires that no party on one side of a case may be a citizen of the same state as any party on the other side). As result,

6

there is no basis on which this court could exercise its diversity jurisdiction in this case. In absence of either federal-question or diversity-of-citizenship jurisdiction over Plaintiff's allegations against her, this case is subject to summary dismissal as to Defendant Wooten.

Finally, Plaintiff's Complaint is also subject to summary dismissal insofar as it seeks damages or other relief from Defendant Peavy based on his alleged threats to Plaintiff that he would have him charged with crimes and kept detained. It is settled that "the use of vile and abusive language is never a basis for a civil rights action." *Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985) (there is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish, and, hence, there is no liability under § 1983 regarding such claims); *see Northington v. Jackson*, 973F.2d 1518, 1524 (10th Cir. 1992) (citing *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)); *Batista v. Rodriguez*, 702 F.2d 393, 398 (2d Cir. 1983); *Sluys v. Gribetz*, 842 F. Supp. 764, 765 n.1 (S.D.N.Y. 1994). Verbal abuse of a prisoner is not actionable under § 1983. *See McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) (explaining that "acts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment"); *Boston v. Stanton*, 450 F. Supp. 1049 (W.D. Mo. 1978) (same). Fourth Circuit Court of Appeals' rulings also support this rule. *See, e.g.*, *Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005) (affirming *sua sponte* dismissal of claim based on threats); *Carter v. Morris*, 164 F.3d 215, 219 n.3 (4th Cir. 1999) (same).

IV.     Recommendation

Accordingly, because Plaintiff fails to state a claim on which relief may be granted against any Defendant, it is recommended that the district court dismiss the Complaint in this case *without prejudice*. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

October 31, 2014                                                                 Kaymani D. West
Florence, South Carolina                                                United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).