IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Terance Terill Bennekin ) | Civil Action No.: 4:14-4004-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Sherry Baugh; Patty Parker; B. Peavy; Julie ) | **O R D E R** |
| Wooten, ) | |
| ) | |
| Defendants. ) | |

The plaintiff has filed a motion for reconsideration (ECF No. 18) of the October 22, 2014, Order (ECF No. 15) dismissing this action without prejudice and without issuance and service of process, which the Court will treat as a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 59.30[4] (3d ed.). The Fourth Circuit has held such a motion should be granted for only three reasons: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice. *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir.1993). Rule 59 motions are not opportunities to rehash issues already ruled upon because a litigant is displeased with the result. *See Tran v. Tran*, 166 F.Supp.2d 793, 798 (S.D.N.Y. 2001).

In the plaintiff's motion for reconsideration, he does not argue that there has been an intervening change in controlling law, or that the Court's decision must be altered to

account for new evidence which was not previously available. The Fourth Circuit has held that "[a] prior decision does not qualify for this third exception by being "just maybe or probably wrong; it must . . . strike [the Court] as wrong with the force of a five-week-old, unrefrigerated dead fish." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) (*quoting Bellsouth Telesensor v. Info. Sys. & Networks Corp.*, 1995 WL 520978 at *5 n. 6 (4th Cir. Sept. 5, 1995)). In other words, the decision must be "dead wrong." *Parts & Elec. Motors, Inc. v. Sterling Elec. Inc.*, 866 F.2d 228, 233 (7th Cir.1988).

The Court has considered the grounds the plaintiff lists in support of his motion for reconsideration, and finds none of the grounds provide a sufficient basis for granting Rule 59(e) relief. The plaintiff's motion for reconsideration appears to be based on his dissatisfaction with the Court's prior decision and, as such, the plaintiff's motion is DENIED.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

January 13, 2015
Greenville, South Carolina